IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                No. 12-cr-2519 MIS-JFR

EDDIE TOBY CHAVEZ,

    Defendant.

## ORDER DENYING MOTION AS MOOT

This matter is before the Court on Eddie Toby Chavez's Motion for Compassionate Release, filed by and through counsel Sylvia Baiz (CR Doc. 114) (Motion). At the time of filing, Defendant was serving a 57-month sentence for his federal firearm conviction under 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Motion seeks a release from prison based on Defendant's health conditions and the risk of complications due to COVID-19. After filing the Motion, Defendant was released from custody. *See* https://www.bop.gov/inmateloc/.

Once "a defendant's prison sentence has expired, a challenge to" his or her custody "is moot unless there is an ongoing collateral consequence of the conviction … that can be redressed by a favorable judicial decision." *U.S. v. Fields*, 823 Fed. App'x 587, 589 (10th Cir. 2020) (quoting *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) and *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Courts presume there are collateral consequences when the pending motion raises habeas claims challenging the underlying conviction. *See U.S. v. Sandoval-Enrique,* 870 F.3d 1207 (10th Cir. 2017); *Kirby v.*

*Janecka,* 379 Fed. App'x 781, 783 (10th Cir. 2010).  However, the Tenth Circuit recently held that where the "only relief [Defendant] sought was to reduce his sentence to time served" under 18 U.S.C. § 3582, a "release from prison render[s] his … motion for sentence reduction moot."  *U.S. v. Fields*, 823 Fed. App'x 587, 590 (10th Cir. 2020).

*Fields* analyzed a sentence reduction under § 3582(c)(1)(B) (reduction based on the First Step Act and disparities involving crack cocaine offenses) rather than § 3582(c)(1)(A) (compassionate release).  Nevertheless, the rationale applies to the instant Motion seeking a time-served sentence based on COVID-19 risk.  As in *Fields*, "the best this court could do for [Defendant] would be to declare that he spent longer in prison than he should have."  *Fields,* 823 Fed. App'x at 588 (quoting *Rhodes*, 676 F.3d at 935).  *See also United States v. Carr,* 2021 WL 5565804, at *3 (D. Colo. Nov. 29, 2021) ("Defendant's release to home confinement renders her proffered basis for compassionate release moot").  Accordingly, the Court will deny the Motion as moot and without prejudice.

**IT IS ORDERED** that Defendant Eddie Toby Chavez's Motion for Compassionate Release (**CR Doc. 114**) is **DENIED** as moot and without prejudice.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE